IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00326-WDM-MJW

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

v.

ALBERT AVERY, aka Al Avery, and
MEDICAL PLANNING RESOURCE, INC., a Colorado corporation,

    Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on two motions for summary judgment filed by Plaintiff (Docket Nos. 13, 23). The first motion (Docket No. 13), filed June 2, 2008, sought judgment against both defendants. However, on August 18, 2008, pursuant to Avery's bankruptcy petition, this court entered a stay with respect to Defendant Avery until further notice of the court. (*See* Docket No. 22). Thereafter, on September 4, 2008, Plaintiff filed a second motion for summary judgment (Docket No. 23) seeking judgment against only Defendant Medical Planning Resource, Inc. ("MPR"). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, Plaintiff's first motion for summary judgment against both defendants shall be denied and Plaintiff's second motion for summary judgment as to only MPR shall be granted.

## Background

Plaintiff brought this action seeking a money judgment for breach of guaranty and a judgment for foreclosure of liens. On October 24, 2003, Ruby's Deli ("Ruby's"), an Ohio corporation, executed a promissory note for $300,000 in favor of Plaintiff. Avery signed the promissory note on behalf of Ruby's. On the same day, Avery executed a personal guaranty guaranteeing the debt owed by Ruby's to Plaintiff. To secure this guaranty, Avery granted to Plaintiff a deed of trust on Avery's residence at 21655 Whirlaway Avenue, Parker, Colorado. Ruby's executed a second promissory note for $25,000 on November 6, 2003.

Thereafter, on November 22, 2005, Ruby's and Plaintiff executed an Amended and Restated Consolidation Note (the "Amended Note") for $321,234.22, which replaced the previous two promissory notes executed in 2003. At the same time, MPR executed a commercial guaranty guaranteeing the debt owed by Ruby's to Plaintiff. To secure this guaranty, MPR granted Plaintiff a security interest in its property. The security interest was perfected by filing a UCC financing statement with the Secretary of State of the State of Colorado on November 28, 2005.

An amendment to the Amended Note was entered into on June 1, 2006, extending the maturity date of the Amended Note and updating the total amount due to $320,688.84.[1] On December 27, 2006, Ruby's executed a second amendment to the Amended Note again extending the maturity date and updating the total amount due to

---

[1] This amount was comprised of $316,462.86 in principal, $3,713.98 in accrued interest, and late charges totaling $512.00.

$316,676.84.² Both amendments indicated that the Guarantors were liable for the full amount in the amendment.

It is undisputed that Ruby's defaulted on its obligations to Plaintiff. Plaintiff demanded payment pursuant to the guaranties from both Avery and MPR but no payment has been made. Therefore, Plaintiff filed this suit on February 15, 2005 seeking payment under the guaranties.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *accord Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2005) ("Under Fed. R. Civ. P. 56(c), summary judgment is only appropriate if the pleadings and admissible evidence produced during discovery, together with any affidavits, show that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "When applying this standard, [the court] view[s] the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citing *Byers v. City of Albuquerque*, 150 F.3d 1271, 174 (10th Cir. 1998)).

Where "the moving party does not bear the ultimate burden of persuasion at trial,

---

² This amount was comprised of $312,445.01 in principal, $3,073.33 in accrued interest, and late charges totaling $1,158.50.

it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.* (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). Indeed, the plaintiff must set forth specific facts "that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (D. Colo. 1998) (citing Fed. R. Civ. P. 56(e)). A mere scintilla of evidence is not sufficient to create a genuine issue of material fact and survive summary judgment, *Simms*, 165 F.3d at 1326 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)), nor are unsupported conclusory allegations, *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (citing *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)). When the opposing party fails to "set out specific facts showing a genuine issue for trial . . . summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). Indeed, a "nonmovant acts, or fails to act, at its peril." *Adler*, 144 F.3d at 672.

## Discussion

Plaintiff argues that there is no genuine dispute as to any material fact in this case regarding MPR's liability to Plaintiff. As noted above, MPR did not respond to the motion for summary judgment and has indicated that it does not intend to oppose the motion. After reviewing the loan and guaranty documents supplied by Plaintiff, which

are undisputed by Defendants,[3] I conclude that summary judgment in favor of Plaintiff and against MPR is appropriate.

The documentation provided by Plaintiff demonstrates that MPR is liable for Ruby's full amount of indebtedness to Plaintiff. The commercial guaranty executed by MPR states that MPR "absolutely and unconditionally guarantees and promises to pay [Plaintiff] . . . the indebtedness . . . of Ruby's Deli, Inc. and Albert Avery." (*See* Ex. B to Compl. at Docket No. 1-3.) Additionally, the Amended Note, executed the same day as MPR's commercial guaranty, expressly states that Ruby's loan was secured by, *inter alia*, MPR's grant of a security interest to Plaintiff in all of its business assets. I also note that Defendants' suggestion that Plaintiff is limited in its ability to obtain the full amount of indebtedness in a money judgment because Defendants are only liable for any deficiency after application of the secured collateral is expressly contradicted by the terms of the commercial guaranty. The guaranty provides that "Guarantor also waives any and all rights or defense arising by reason of (A) any "one action" or "anti-deficiency" law or any other law which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale." *Id.* Therefore, under the terms of the guaranty Plaintiff may bring any action that it chooses and is not limited in an action for a money judgment to any deficiency after foreclosure of the collateral.

Although the answer states that Defendants "are uncertain as the amount due

---

[3] Defendants acknowledged the authenticity of the documents supplied by Plaintiff in the answer. (*See* Docket No. 12 ¶¶ 7–11.)

and owing on the obligations" and "dispute the amount of the debt due", the undisputed documents demonstrate the amount of MPR's liability under the commercial guaranty. The second amendment to the Amended Note indicates that, as of June 1, 2006, Ruby's was indebted, and the Guarantors were liable, to Plaintiff in the amount of $316,676.84. Furthermore, a signed and notarized affidavit submitted by Doug Armitage on behalf of Plaintiff indicates that the amount due as of May 12, 2008 was $330,132.31, the sum of $307,088.41 in principal, $20,942.07 in accrued interest, and $2,101.83 in unpaid late charges. (*See* Aff. ¶ 3, Docket No. 14.)

Finally, I conclude that Defendants' suggestions that the guaranties are not legally sufficient, that there was not adequate consideration supporting the guaranties, or that Plaintiff has failed to mitigate its damages are all conclusory allegations that are insufficient to survive summary judgment. Indeed, Defendants present no specific factual allegations or legal argument to support these suggestions and, therefore, fail to demonstrate any genuine issues of fact. Therefore, I conclude summary judgment against MPR is appropriate.

Accordingly, it is ordered:

1. Defendant's Motion for Summary Judgment (Docket No. 13), filed June 2, 2008, is denied.

2. Defendant's Motion for Summary Judgment as to Defendant Medical Resource Planning, Inc. (Docket No. 23), filed September 4, 2008, is granted.

3. Judgment shall enter in favor of Plaintiff in the amount of $330,132.31 which represents the amount due and owing by Ruby's, and guaranteed by MPR, as of May 12, 2008. The amount includes $307,088.41 principal, $20,942.07 in

accrued interest, and $2,101.83 in unpaid late fees.

4. Plaintiff may file a motion for attorney's fees pursuant to D.C.COLO.LCivR 54.3 and section 7 of my Pretrial and Trial Procedures.

5. Pursuant to Fed. R. Civ. P. 54(b), I expressly find that there is no just reason for delay and direct judgment in favor of Plaintiff and against MPR in accordance with this Order.

6. Because the claims against Avery were stayed due to the bankruptcy proceedings, the claims against Avery shall be administratively closed pursuant to D.C.COLO.LCivR 41.2, but may be reopened upon any party filing a motion to reopen on or before November 5, 2009. If no motion to reopen or motion to extend the deadline to reopen is filed by that date, the claims against Avery shall be dismissed without prejudice without any further notice to any party.

DATED at Denver, Colorado, on November 5, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge